OPINION
Defendant-appellant, Ronald Lawrence Striley, appeals a determination finding that he is a sexual predator. We affirm.
Appellant filed this appeal presenting the following assignments of error for review:
Assignment of Error No. 1:
 R.C. CHAPTER 2950, AS APPLIED THROUGH 2950.09, VIOLATES THE UNITED STATES CONSTITUTION.
Assignment of Error No. 2:
 R.C. CHAPTER 2950, AS APPLIED THROUGH R.C. 2950.09, VIOLATES THE OHIO CONSTITUTION.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN FINDING MR. STRILEY TO BE A SEXUAL PREDATOR WHERE THE STATE HAS FAILED TO ESTABLISH IT BY CLEAR AND CONVINCING EVIDENCE.
In his first and second assignments of error, appellant challenges the constitutionality of Ohio's sexual predator law under the state and federal constitutions. Specifically, appellant asserts that the law violates the Ex Post Facto clause of the United States Constitution and the retroactivity clause of the Ohio Constitution. We recently rejected these arguments in State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-030-060, unreported. Under the authority of Lyttle, therefore, appellant's first and second assignments of error are overruled.
In his third assignment or error, appellant argues that his classification as a sexual predator is not supported by clear and convincing evidence. Specifically, appellant contends that the record relied on by the state at the sentencing hearing was incomplete and that the state presented erroneous information concerning the crime of rape.
R.C. 2950.09 sets forth the procedures for the determining whether an offender is a sexual predator. "Sexual predator" is defined as "a person who has [pled guilty] to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).
R.C. 2950.09(C)(1) applies to the class of offenders who: (1) pled guilty to a sexually oriented offense[1] prior to January 1, 1997, the effective date of that section of the statute; (2) were sentenced for the offense prior to the effective date of the statute; and (3) are still serving a term of imprisonment in a state institution on or after the effective date of the statute. At a sexual predator classification hearing for an R.C.2950.09(C)(1) offender, the offender and the state can "testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses." R.C. 2950.09(B)(1) and (C)(2).
After reviewing the testimony and evidence from the hearing, the judge must determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(3). Clear and convincing evidence has been described as:
 That measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
Cross v. Ledford (1954), 161 Ohio St. 469, 477.
In making its determination, the court is to consider "any relevant facto," including those set forth at R.C. 2950.09(B)(2), which include:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offense, including, but not limited to all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense * * *;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty * * *[.]
In addition, we emphasize that in determining an offender's propensity to commit future sex offenses, the trier of fact can use past behavior to gauge future propensity to commit crimes since past behavior is often an indicator of future violent tendencies. State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported, citing Kansas v. Hendricks (1997), ___ U.S. ___, 117 S.Ct. 2072.
At appellant's classification hearing, held in compliance with R.C. 2950.09(C)(2), counsel for the state informed the trial court that at age seventeen appellant was indicted on three counts of rape. He pled guilty to one count of rape. The victim of appellant's crime was a seven-year-old boy. The boy was small for his age due to a bone disease which stunted his growth and was, thus, less able to defend himself than most seven-year-olds would be. In summarizing testimony by the victim's mother at the sentencing hearing, the prosecution addressed the victim's "extreme psychological trauma" as follows:
 You know, fits of crying, unable to be in a room by himself. His little brother or relative goes into the bathroom and shuts the door where he can't see him, and he basically breaks down and cries uncontrollably.
In addition, at the time he pled guilty to rape, appellant also pled guilty to and was sentenced for two counts of drug trafficking. For its part, the defense clarified that the crime of sodomy was not anal rape, as the state indicated, but fellatial rape. The defense informed the court that while appellant was in prison he earned a high school diploma, took college courses, and graduated from the Polaris sex offender program.
Having considered this information, we find that the trial court's determination that appellant is a sexual predator is supported by clear and convincing evidence. In doing so, we reject appellant's argument that he was prejudiced because the trial court relied on inaccurate or incomplete information. Appellant was able to clarify for the court the nature of his underlying offense (fellatial rape instead of anal rape), and even in the face of an incomplete trial record there was sufficient evidence to support the trial court's decision. The third assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.
[1] The crime of rape, in violation of R.C. 2907.02(a)(3), is a sexually oriented offense. See R.C. 2950.01(D)(1).